**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| **ESTATE OF ELEUSIPA VAN EMBURGH,** ) <br> **BY AND THROUGH ITS EXECUTOR** ) <br> **IMELDA CROVETTO; AND IMELDA** ) <br> **CROVETTO, JAMES MICHAEL VAN,** ) <br> **EMBURGH, JAMES ALAN VAN EMBURGH,** ) <br> **AMY RIVERA, ALEXIS NAVARRO, AND** ) <br> **RAFAELNAVARRO, INDIVIDUALLY** ) <br> ) <br> *Plaintiffs,* ) <br>                   v.                ) <br> ) <br> **THE UNITED STATES OF AMERICA** ) <br> ) <br> *Defendant.* ) | Civil Action No: |

**COMPLAINT**

COME NOW the Plaintiffs, the Estate of Eleusipa Van Emburgh, by and though its Personal Representative Imelda Crovetto; and Imelda Crovetto, James Michael Van Emburgh, James Alan Van Emburgh, Amy Rivera, Alexis Navarro, and Rafael Navarro, individually (hereinafter "Plaintiffs"), by and through their attorneys, and for their Complaint against the United States of America (hereinafter "Defendant"), state as follows:

**INTRODUCTION**

1. This lawsuit concerns the substandard medical care provided by agents, servants, and employees of the United States Government at Naval Medical Center Portsmouth (hereinafter "Portsmouth") to the decedent, Eleusipa Van Emburgh ("Mrs. Van Emburgh"), between on or about October 2, 2019 to on or about November 9, 2019 when Mrs. Van Emburgh underwent a laparoscopic hiatal hernia repair (aka: "re-do") operation at Naval Medical Center Portsmouth, conducted by General Surgeon, Dr. Kevan Mann and Dr. Jenny Held.  The

medical personnel at Naval Medical Center Portsmouth, after inflicting an intraoperative perforation, failed to perform the appropriate and medically necessary procedures in a timely manner to identify the operative error, resulting in massive trauma to her person, and ultimately, her death five weeks later at 58-years-old.  The treatment of Mrs. Van Emburgh failed to meet the standard of care appropriate for such surgical procedures and its related post-surgical care.

## JURISDICTON AND VENUE

2.  Plaintiffs bring this lawsuit pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671 et seq. ("FTCA") based on the negligent acts and omissions of Defendant's employees or agents, as set forth in this Complaint.

3.  Pursuant to the provisions of the FTCA, Plaintiffs filed administrative claims for personal injury, wrongful death, and loss of consortium against the Defendant within the statutory period as required by law for each individual Plaintiff, to include Mrs. Van Emburgh's estate. These claims were denied by the Department of the Navy on March 11, 2021 asserting that the Naval providers had met the applicable standards of care, and therefore the Government was not liable for Mrs. Van Emburgh's injuries or death.  Plaintiffs' lawsuit following the statutory period for agency review is timely.  This Court has jurisdiction over Plaintiff's lawsuit pursuant to 28 U.S.C. § 1331, as this action raises federal questions under 28 U.S.C. § 1346.

### VENUE

4.  Venue is proper in the United States District Court for the Eastern District of Virginia, Norfolk Division, pursuant to 28 U.S.C. § 1391(b) because Defendant's primary office is located in and the events giving rise to the claims herein occurred in Portsmouth, Virginia, which is

within the Norfolk Division for the United States District Court for the Eastern District of Virginia.

5.  Injuries suffered by Plaintiffs occurred in the City of Portsmouth, Virginia.  Decedent Mrs. Van Emburgh died in the Commonwealth of Virginia due to the negligence of Defendant's employees, agents and/or representatives as set forth in this lawsuit.

## PARTIES

6.  At all times relevant herein, Mrs. Van Emburgh resided in the City of Newport News, State of Virginia, when the events giving rise to this lawsuit occurred.

7.  Mrs. Van Emburgh was treated at Naval Medical Center Portsmouth and passed away on November 9, 2019.

8.  Plaintiff James Michael Van Emburgh, SFC (Ret), is the widower of Mrs. Van Emburgh. Plaintiff Imelda Crovetto is the biological daughter of Mrs. Van Emburgh.  Plaintiff Amy Rivera is the biological daughter of Mrs. Van Emburgh.  Plaintiff Alexis Navarro is the biological son of Mrs. Van Emburgh.  Plaintiff Rafael Navarro is the biological son of Mrs. Van Emburgh. James Alan Van Emburgh is the biological son of Mrs. Van Emburgh.Imelda Crovetto is the personal representative of the Estate of Eleusipa Van Emburgh.  They are, collectively, the Plaintiffs to this action.

9.  At all times relevant herein, Defendant United States of America operated the healthcare facility Naval Medical Center Portsmouth, previously known as Naval Hospital Portsmouth, located in Portsmouth, Virginia, and provided healthcare services including but not limited to medical, surgical, and hospital care and treatment.

10. At all times relevant herein, Defendant United States of America represented itself to Plaintiffs as medical facilities and medical providers that had and possessed the requisite skill,

competence, facilities, and personnel to properly care for and treat Decedent Mrs. Van Emburgh, while she was alive, upon which representation she and her heirs relied.

11. At all times relevant herein, the Defendant provided personnel, including doctors and others for the care and treatment of patients, including Decedent Mrs. Van Emburgh.

12. At all times relevant herein, Defendant's employees, agents, and representatives, including but not limited to physicians, including Dr. Kevan Mann and Dr. Jenny Held, who injured the Plaintiffs through their negligent acts and omissions were employed by Defendant and were acting in the course and scope of their employment throughout the period of their treatment of Decedent Mrs. Van Emburgh.

## FACTUAL ALLEGATIONS

13. Mrs. Van Emburgh was the 58-year-old wife of Retired Army Sergeant First Class James Michael Van Emburgh and mother of five children.  On October 2, 2019, Mrs. Van Emburgh underwent a laparoscopic hiatal hernia redo surgery at Naval Medical Center Portsmouth, conducted by General Surgeon, Dr. Kevan Mann and Dr. Jenny Held.

14. During the surgery at Portsmouth, Mrs. Van Emburgh suffered unnecessary surgical complications when the Defendant's surgeons concluded the surgery without attending to, identifying, or treating a surgical perforation that occurred during their treatment of her.

15. Between October 2, 2019 and October 16, 2019, Defendant did not conduct sufficient post-operative investigations of complications from the surgery, nor did they refer Mrs. Van Emburgh to outside specialists at a time in which life-saving intervention would have been successful.

16. By October 16, 2019, Defendant identified that it lacked the appropriate resources to render appropriate medical care to Mrs. Van Emburgh and referred Mrs. Van Emburgh to an unaffiliated non-Department of Defense medical facility.

17. On October 16, 2019, due to Mrs. Van Emburgh's unresolved condition, Mrs. Van Emburgh was transferred from Portsmouth to Sentara Leigh Hospital in Norfolk, Virginia for the purpose of repairing the injuries suffered by Mrs. Van Emburgh at Defendant's facility.

18. On November 6, 2019, Mrs. Van Emburgh returned home after being discharged from Sentara Leigh Hospital.

19. On November 9, 2019, while at her home in Newport News Virginia, Mrs. Van Emburgh began to suddenly vomit up bright red blood.  An ambulance was dispatched to her residence where her husband, Mr. James Michael Van Emburgh, her daughter, Mrs. Imelda Crovetto, her son in law, SSgt Luis Crovetto, USMC, and her three minor grandsons were all surrounding her as her health crisis escalated, witnessing her violent vomiting of blood before their very eyes. She continued to vomit bright red blood as the EMTs transferred her to the ambulance.  She passed away soon after arrival at Bon Secours Mary Immaculate Hospital in Newport News, Virginia.

20. Mrs. Van Emburgh's causes of death were determined by autopsy to be: massive gastrointestinal hemorrhage and sepsis of the lungs and around the heart following hiatal hernia repair.

21. Between the October 6, 2019 hiatal hernia repair surgery and the time of her death, Mrs. Van Emburgh unnecessarily suffered physical injury, pain, discomfort, and ultimately death, as a result of the medical care provided by Defendant.

## COUNT I – NEGLIGENCE

22. Plaintiffs incorporate paragraph 1 through 20 as if fully set forth herein.

23. At all relevant times, Defendant promoted its employees and/or agents, including Dr. Mann and Dr. Held, as sufficiently skilled physicians, surgeons, hospitals, nurses, surgical technicians, attendants, medical clinics, physical therapists, and the like, to capably and competently examine, diagnose, and treat Melody according to the standards of care widely held within the Commonwealth of Virginia in this medical field.

24. Defendant, through its employees and agents, had a duty during the medical care of Mrs. Van Emburgh to use such skill, prudence, and diligence as other members of the medical community commonly possess and exercise.

25. Defendant, through its employees and agents had a duty to appropriately examine, diagnose, counsel, care for, and treat Mrs. Van Emburgh.

26. Defendants owed a duty to ensure the treatment and services provided to Mrs. Van Emburgh were adequate and appropriate in the circumstances.

27. That in the aforesaid procedures, examinations, diagnoses, prescription of medications and drugs, and handling, and controlling of the care and treatment of Decedent Mrs. Van Emburgh, Defendant and its agents, servants, employees, and component governmental departments, negligently failed to possess and to exercise that degree of knowledge and skill ordinarily possessed and exercised by other physicians, surgeons, hospitals, nurses, attendants, and the like, in the same or similar locality under similar circumstances as the said medical providers.

28. That with respect to the duties, responsibilities, and liabilities of the Defendant, United States of America, the Defendant negligently, or in some other actionable manner referred to

hereinabove, failed to comply with the applicable legal standard of diagnosis, care, and treatment of Decedent Mrs. Van Emburgh.

29. That in the aforesaid handling and control of the care and treatment of Decedent Mrs. Van Emburgh, Defendant, and each of them, negligently and tortiously failed to possess or exercise that degree of knowledge or skill that would ordinarily be possessed and exercised by physicians, surgeons, hospitals, nurses, surgical technicians, attendants, medical clinics, physical therapists, and the like, engaged in said professions in the same locality as Defendant, and each of them, is that said Defendant negligently and unlawfully failed to properly and correctly diagnose, render care and treatment, to perform surgery on, prescribe and administer medicine and drugs for the condition of Decedent Mrs. Van Emburgh, including but not limited to the following:

   a.  The failure to adequately diagnose and treat an intraoperative perforation;

   b.  The failure to follow up by conducting appropriate post-operative testing under the medically observable circumstances;

   c.  The failure to timely identify and investigate as well as effectively treat Mrs. Van Emburgh's post-operative condition;

   d.  The failure to timely refer Mrs. Van Emburgh to alternative providers with the requisite knowledge and experience to effectively treat Mrs. Van Emburgh.

30. Defendant is vicariously liable for the negligence of its agents and/or employees who were in the course and scope of their duties under the doctrine of *respondeat superior*.

31. As a result of the negligence of the Defendant, the United States of America, Mrs. Van Emburgh sustained pain and suffering, mental anguish, disfigurement, loss of enjoyment of life, loss of future earning, loss of earning capacity, and loss of life.  As a result of the

negligence of the Defendant, the United States of America, the Estate of Mrs. Van Emburgh sues the Defendant to recover for pre-death pain and suffering, mental anguish, and disfigurement, loss of enjoyment of life, loss of future earning, loss of earning capacity, and expenses of the deceased's last illness and burial, and any and all other available estate claims and expenses, resulting from the death of Mrs. Van Emburgh.

32. As a result of the medical negligence of Defendant's personnel and/or employees, Plaintiff James Michael Van Emburgh suffered amongst other injuries, sorrow, mental anguish and the loss of society, companionship, comfort, consortium, or protection and loss of filial care or attention, and the wrongful death of his wife.

33. As a result of the medical negligence of Defendant's personnel and/or employees, Plaintiff Imelda Crovetto suffered amongst other injuries, sorrow, mental anguish, and the loss of society, companionship, comfort, motherly affection or protection and loss of filial care or attention, due to the wrongful death of her mother.

34. As a result of the medical negligence of Defendant's personnel and/or employees, Plaintiff Alexis Navarro suffered amongst other injuries, sorrow, mental anguish, and the loss of society, companionship, comfort, motherly affection, or protection and loss of filial care or attention, due to the wrongful death of his mother.

35. As a result of the medical negligence of Defendant's personnel and/or employees, Plaintiff Amy Rivera suffered amongst other injuries, sorrow, mental anguish, and the loss of society, companionship, comfort, motherly affection, or protection and loss of filial care or attention, due to the wrongful death of her mother.

36. As a result of the medical negligence of Defendant's personnel and/or employees, Plaintiff Rafael Navarro suffered amongst other injuries, sorrow, mental anguish, and the loss of

society, companionship, comfort, motherly affection, or protection and loss of filial care or attention, due to the wrongful death of his mother.

37. As a result of the medical negligence of Defendant's personnel and/or employees, Plaintiff James Alan Van Emburgh suffered amongst other injuries sorrow, mental anguish, and the loss of society, companionship, comfort, motherly affection, or protection and loss of filial care or attention, due to the wrongful death of his mother.

38. As a direct and proximate result of the Defendant's negligence, Decedent Mrs. Van Emburgh suffered injuries and damages, including but not limited to wrongful death, conscious pain and suffering, mental anguish, disfigurement, loss of enjoyment of life, loss of future earning, loss of earning capacity, and expenses prior to her death, and other special and general damages to be proven at trial.

## COUNT II – WRONGFUL DEATH

39. Plaintiffs incorporate paragraph 1 through 39 as if fully set forth herein.

40. Defendant, through the negligent acts heretofore alleged, is liable for the wrongful death of Mrs. Van Emburgh, and the Plaintiffs are entitled to recovery for sorrow, mental anguish, and solace, including society, companionship, comfort, guidance, kindly offices and advice.

41. At all times relevant herein, Plaintiff James Michael Van Emburgh suffered severe and devastating sorrow and mental anguish by witnessing the deterioration of his wife, the effects of the severe illness during and after the time period in which Mrs. Van Emburgh was not properly diagnosed, or treated, and ultimately her death.

42. Plaintiff James Michael Van Emburgh is entitled to compensation for the wrongful death of Mrs. Van Emburgh.

43. At all times relevant herein, Plaintiffs Imelda Crovetto, Alexis Navarro, Rafael Navarro, Amy Rivera, and James Alan Van Emburgh suffered severe and devastating sorrow and mental anguish by witnessing the deterioration of their mother, the effects of the severe illness during the time period in which Mrs. Van Emburgh was not properly diagnosed, or treated, and ultimately her death.

44. Plaintiffs Imelda Crovetto, Alexis Navarro, Rafael Navarro, Amy Rivera, and James Alan Van Emburgh are entitled to compensation for the wrongful death of Mrs. Van Emburgh.

### COUNT III - SURVIVAL ACTION

45. Plaintiffs incorporate herein all preceding paragraphs.

46. That Imelda Crovetto as the Personal Representative of Mrs. Van Emburgh's estate brings this claim for the conscious pain and suffering of the final days of her life needlessly caused by the negligence of Naval Medical Center Portsmouth and its staff, physical injuries, medical expenses, and other damages that the late Mrs. Van Emburgh experienced from October 2, 2019 until the time of her death on November 9, 2019, as a direct and proximate result of the negligence and breaches of the applicable standard of medical care by Defendants, by and through its doctors, nurses, and medical staff.

### REQUEST FOR ADVISORY JURY

Pursuant to Rule 39(c) of the Federal Rules of Civil Procedure, "[i]n all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury." Fed. R. Civ. P. 39(c)." Plaintiffs hereby respectfully request an advisory jury.

### REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully demand judgment in their favor on all Counts, and to:

A.  Award Plaintiffs compensatory, consequential and incidental damages in an amount to

be proven at trial, but not less than $25,000,000.00;

B.  Award Plaintiffs all damages to which they are entitled under VA code § 8.01-581.15;

C.  Award Plaintiffs their costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988;

D.  Award pre- and post-judgment interest on any award as permitted by law;

E.  Award other costs and expenses as permitted by law; and

F.  Award such other relief that this Court deems just and proper.

DATED: June 28, 2021.

Respectfully Submitted,

By: /s/ Benjamin Beliles
Benjamin A. Beliles, Esq. (VSB# 72723)
Beliles & Associates, PLLC
1108 E. Main Street, Suite 1002
Richmond, Virginia 22319
benbeliles@gmail.com
(703) 479-8220 (Tel.)
(804) 414-7758 (Fax)

Attorney for Plaintiffs

By: /s/ Andrew David Cherkasky
Andrew David Cherkasky, Esq.
CA Bar: 290501 & IL Bar: 6289219
Golden Law, Inc.
27702 Crown Valley Pkwy
Suite D4 #414
Ladera Ranch, CA 92694
andy@goldenlawinc.com
(949) 491-1661 (Tel.)
(949) 491-1467 (Fax)

*Pro Hac Vice Pending*
Attorney for Plaintiffs